# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY WHITNEY, | ) 1:05-hc-00557-REC-TAG HC |
| Petitioner, | ) |
| | ) ORDER TO SHOW CAUSE WHY PETITION |
| | ) FOR WRIT OF HABEAS CORPUS SHOULD |
| v. | ) NOT BE TRANSFERRED TO THE |
| | ) NORTHERN DISTRICT OF CALIFORNIA |
| | ) |
| JILL BROWN, Warden, | ) |
| | ) |
| Respondent. | ) |
| | ) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The instant Petition was filed on February 14, 2005, in the United States District Court for the Northern District of California. (Doc. 9). On April 26, 2005, the case was transferred to the Eastern District of California. (Doc. 8). The reason for the inter-district transfer appears to be Petitioner's transfer from San Quentin State Prison to the California State Prison at Corcoran, California, at approximately the same time that Petitioner filed the Petition. On May 16, 2005, Petitioner filed a notice of change of address reflecting that Petitioner has been released on parole and is currently residing in Castroville, California, which is within the Northern District. (Doc. 15).

In his Petition, Petitioner alleges that he was convicted in the Superior Court of Monterey County of assault (California Penal Code § 245), and sentenced to a prison term of eight years and four months. (Doc. 9, p. 3). Petitioner further alleges that, as a result of three separate

1

1   parole violations, which resulted in Petitioner returning to prison to serve additional time, he was

2   incarcerated for a period longer than the term to which he was originally sentenced.

3   (Doc. 9, p. 8(e)).  Petitioner does not appear to challenge his conviction per se; rather he

4   challenges California's parole laws as unconstitutional and in violation of the United States

5   Supreme Court's decision in Morrissey v. Brewer, 408 U.S. 471 (1972).  (Doc. 9, pp. 8(c)-(f)).

6          As a general matter, venue is preferable in the district of confinement when the petition

7   seeks review of the execution of a sentence.  Dunne v. Henman, 875 F.2d 244, 249 (9th Cir.

8   1989); cf. Laue v. Nelson, 279 F.Supp. 265, 266 (N.D. Cal. 1968)(district of conviction

9   preferable forum to review conviction).  Here, however, Petitioner is challenging not simply the

10  execution of his sentence at the institution where he was most recently confined, but also

11  challenging California's statutory parole scheme as applied.  As such, any review of the merits of

12  Petitioner's arguments would require documentation from each institution where Petitioner was

13  confined when, on three separate occasions, he was released on parole.  Additionally,

14  documentation would also be required from each parole revocation hearings, as well as from the

15  institutions to which Petitioner was confined after his parole was revoked.  If most of the

16  documentation and witnesses reside within the Eastern District of California, then venue should

17  remain in the Eastern District of California.  However, if such documentation and witnesses are

18  located in another district, then transfer to that district would be the most appropriate and

19  efficient decision.

20         Unfortunately, none of the information that would assist the Court in making this decision

21  is provided in the instant Petition.  Accordingly, Petitioner will be required to provide additional

22  information about the dates and places of incarceration, the dates and places of his release on

23  parole, the dates and places he resided while on parole, and the dates and places where parole

24  was revoked.

25         Accordingly, the Court HEREBY ORDERS:

26         1.      Petitioner is GRANTED THIRTY (30) days from the date of service of this Order,

27                 to SHOW CAUSE why the Petition should not be transferred to the Northern

28                 District of California.

1        2.    In order to satisfy the Court's Order to Show Cause, Petitioner must provide the

2    Court with the following information:

3    (A) the location of each institution to which he has been confined for the

4    conviction out of which the instant petition arises as well as the dates of those

5    confinements;

6    (B) as to each instance when Petitioner was released on parole in the present

7    conviction, the dates when parole was granted and the institutions which granted

8    parole;

9    (C) the dates and places Petitioner resided while on parole; and

10   (D) the dates when and places where decisions were made revoking parole.

11       Petitioner is forewarned that his failure to comply with this order will result in a

12   Recommendation that the Petition be dismissed pursuant to Local Rule 11-110.

13

14   IT IS SO ORDERED.

15   **Dated:**    **June 6, 2005**                    /s/ **Theresa A. Goldner**
     j6eb3d                                    UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

3