IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY WHITNEY, | 1:05-CV-00557-REC-TAG HC |
| Petitioner, | |
| vs. | |
| JILL BROWN, Warden, | |
| Respondent. | ORDER OF TRANSFER |

Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

On April 26, 2005, this case was transferred from the United States District Court for the Northern District of California to the District Court for the Eastern District of California. (Doc. 9). It appears that the case was transferred because Petitioner advised the Clerk of the Court for the Northern District of California that he had been transferred to the California State Prison at Corcoran, California, which is within the jurisdiction of the Eastern District. (Doc. 5). The transfer order suggests that the District Court for the Northern District of California construed the petition to challenge the "execution of sentence" rather than the fact of confinement. (Id.).

Subsequent to these events, on May 16, 2005, Petitioner notified this Court that he had been paroled from the California State Prison at Corcoran, to the Monterey County region effective May 7, 2005. (Doc. 15). Petitioner is now residing in Castroville, California. (Id.). Both Monterey

1

1  County and Castroville are within the Northern District of California.  On May 16, 2005, along with
2  the notice of change of address, Petitioner submitted a letter to the Clerk of the Court indicating that
3  he was now paroled to a location within the jurisdiction of the Northern District and was prepared to
4  have the case transferred back to the Northern District of California. (Doc. 14).

5  Because the claims in the petition involve facts and circumstances related to Petitioner's
6  current and past parole, as will be discussed below, the Court, on June 7, 2005, issued an order to
7  show cause to Petitioner to provide the Court with information relating to his current and prior
8  parole, so that the Court could determine whether a transfer to the Northern District was appropriate.
9  (Doc. 16).  Petitioner has not to date responded to the Court's order to show cause.

## DISCUSSION

11  The federal venue statute requires that a civil action, other than one based on diversity
12  jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants
13  reside in the same state, (2) a judicial district in which a substantial part of the events or omissions
14  giving rise to the claim occurred, or a substantial part of the property that is the subject of the action
15  is situated, or  (3) a judicial district in which any defendant may be found, if there is no district in
16  which the action may otherwise be brought." 28 U.S.C.  §  1391(b).

17  In his petition, Petitioner alleges that he was convicted in the Superior Court of Monterey
18  County of assault (California Penal Code § 245), and sentenced to a prison term of eight years and
19  four months.  (Doc. 9, p. 3).  Petitioner further alleges that, as a result of three separate parole
20  violations, which resulted in Petitioner returning to prison to serve additional time, he was
21  incarcerated for a period longer than the term to which he was originally sentenced. (Doc. 9, p.
22  8(e)).  Petitioner does not appear to challenge his conviction per se; rather he challenges California's
23  parole laws as unconstitutional and as being in violation of the United States Supreme Court's
24  decision in Morrissey v. Brewer, 408 U.S. 471 (1972).  (Doc. 9, pp. 8(c)-(f)).

25  As a general matter, venue is preferable in the district of confinement when the petition seeks
26  review of the execution of a sentence.  Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989); cf. Laue
27  v. Nelson, 279 F.Supp. 265, 266 (N.D. Cal. 1968)(district of conviction preferable forum to review

conviction). Here, however, Petitioner is challenging not simply the execution of his sentence at the institution where he was most recently confined, i.e., CSC-Corcoran, but he is also challenging California's entire statutory parole scheme as applied. As such, any review of the merits of Petitioner's arguments will necessarily involve a review of documentation from each institution where Petitioner was confined when, on three separate occasions, he has been released on parole. Additionally, documentation would also be required from each parole revocation hearing, as well as from the institutions to which Petitioner was confined after his parole was revoked.

It appears from the sparse record available to the Court at this juncture that Petitioner had been convicted within the Northern District, had conducted his state court appeals within the Northern District, and had been incarcerated within the Northern District for most of his sentence. At the time of filing of the instant petition, Petitioner was incarcerated at San Quentin State Prison, which is within the Northern District of California. It appears that at least a substantial portion of Petitioner's sentence has been served within the Northern District, and thus, presumably, Petitioner's prior parole releases and revocations were within the jurisdiction of the Northern District as well.

Indeed, from this limited record, it appears that Petitioner's involvement with the Eastern District was limited to the brief span of time Petitioner was incarcerated at CSC-Corcoran, a period of less than three months. Accordingly, it appears to the Court that most, if not all, of the relevant records relating to Petitioner's incarcerations, his parole releases, and his parole revocations, which are central to any determination of the issues raised by Petitioner in this case, would be retained in offices of the Department of Corrections located in the Northern District of California.

In the interest of justice, a federal court may transfer a case filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

Accordingly, IT IS HEREBY ORDERED that, in the interests of justice, this matter is transferred to the United States District Court for the Northern District of California.

IT IS SO ORDERED.

**Dated:   July 14, 2005**                              **/s/ Theresa A. Goldner**

3

1  j6eb3d                              UNITED STATES MAGISTRATE JUDGE